Appeal from an order of the Supreme Court at Special Term, entered May 9, 1950, in New York County, which denied a motion by defendant to strike out various allegations of the complaint pursuant to rule 103 of the Rules of Civil Practice, and sections 241 and 255 of the Civil Practice Act.

Per Curiam.

The complaint alleges a cause of action on contract for brokerage commissions earned by procuring a prospective lessee who was ready, willing and able to rent certain real property from defendant upon a mutually satisfactory basis. The terms of the proposed lease are set forth in detail in the complaint, which further alleges that defendant refused to consummate this transaction with the prospective lessee. Commissions are claimed by plaintiff on the ground of breach of contract, in that defendant has neglected to perform his implied contract with plaintiff to pay a brokerage fee, in the usual amount, upon plaintiff’s procuring a customer prepared to deal upon a basis approved by defendant.
The present appeal is from an order- denying defendant’s motion to strike out, as surplusage, a further allegation that the neglect of defendant to enter into a lease with the tenant procured by plaintiff on the terms that had been agreed upon, occurred “ unlawfully, fraudulently, arbitrarily, capriciously, without reasonable cause, in bad. faith and for the purpose of depriving and *970 defrauding plaintiff of its commissions, and in order to obtain a higher rental from some one other than said Del Bio Garage, Inc.” Since the gravamen of the action is neither fraud nor bad faith and this allegation is of a mere conclusion of law, it adds nothing that is material to the cause of action based on breach of contract, and should be stricken out under rule 103 of the Rules of Civil Practice. Plaintiff may, of course, introduce evidence that defendant leased to another as proof of its breach of contract.
The order appealed from should be reversed, and defendant’s motion to strike out the contested portion of the complaint should be granted, with $20 costs of the appeal and printing disbursements.
Glennon, J. P., Dore, Van Voorhis, and Shientag, JJ., concur; Cohn, J., dissents and votes to affirm on the authority of Pearce v. Knepper (53 N. Y. S. 2d 845, affd. 269 App. Div. 829, motion for leave to appeal to the Court of Appeals denied 269 App. Div. 929).
Order reversed, with $20 costs and disbursements to the appellant, and the motion to strike out the allegations in issue granted. • •